UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK PAUL GARCIA AGUILLARES,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-04234-DJC-JDP<br><br><u>RELEASE ORDER</u><br>A# 205-908-152 |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) seeking release from the custody of Immigration and Customs Enforcement ("ICE"). For the reasons stated below, the Petition is granted.

**BACKGROUND**

Petitioner entered the United States over twenty-two years ago without inspection. (Pet. ¶¶ 1, 20.) In 2013, Petitioner pled guilty to misdemeanor wet reckless driving. (*Id.* ¶ 23.) Immediately after the resolution of this case, ICE issued a Notice to Appear, charging Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.* ¶ 24.) ICE then released Petitioner on a $1,500 bond, which Petitioner's father paid. (*Id.* ¶ 25; Gonzalez Decl. (ECF No. 1-1), Ex. 1 at 4.) Thereafter, Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture. (Pet. ¶ 26.) In October 2023, more than ten years after the initiation

of Petitioner's removal proceedings, an Immigration Judge granted an unopposed motion for administrative closure of Petitioner's removal proceedings. (*Id.* ¶ 27.)

In January 2026, Petitioner was arrested for domestic violence and child cruelty. (Gonzalez Decl., Ex. 1 at 4.) The next month, ICE issued a "Notice to Obligor to Deliver Alien" to Petitioner's father, demanding that Petitioner's father deliver Petitioner to an Enforcement and Removal Operations office in San Francisco for removal. (*Id.*, Ex. 6 at 1.) This notice warned that failure to deliver Petitioner could result in the issuance of an arrest warrant. (*Id.*) On March 19, 2026, Petitioner appeared and was taken into custody. (Pet. ¶ 29; Return (ECF No. 7 at 2.) Petitioner has been detained at the California City Detention Center since that time. (Pet. ¶ 29.)

On May 8, 2026, Petitioner received a bond hearing, at which an Immigration Judge denied bond, primarily for lack of jurisdiction. (Gonzalez Decl., Ex. 7 at 1.) In the alternative, the Immigration Judge found Petitioner failed to demonstrate he does not pose a danger to the community. (*Id.*)

Petitioner has now filed a petition for writ of habeas corpus requesting his release from ICE custody (ECF No 1). This matter is fully briefed (Pet. (ECF No. 1); Return (ECF No. 7); Traverse (ECF No. 8)), and the Court has taken it under submission (ECF No. 5).

**DISCUSSION**

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). While noncitizens located outside the country are not granted the full protections of the Constitution, the Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). These due process rights extend to immigration proceedings, including final deportation orders. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Petitioner has a liberty interest in his continued freedom. As has been detailed by this and numerous other Courts, individuals released from ICE custody have a protected interest in remaining out of custody. *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116, at *3 (E.D. Cal. Nov. 7, 2025); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, No. 1:25-cv-00379-SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). It is undisputed that Petitioner was released on bond pursuant to 8 U.S.C. § 1226(a)(2)(A). Thus, Petitioner has an established liberty interest in his continued freedom. That liberty interest was "only strengthened by the Government allowing Petitioner to remain in the community since he posted bond in 2013 and his case was administratively closed." *Zambrano-Vazquez v. Noem*, No. 2:26-cv-00122-RSM, 2026 WL 657129, at *3 (W.D. Wash. Mar. 9, 2026). For the reasons stated in this Court's prior orders, the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) factors entitled Petitioner to notice and an opportunity to be heard prior to re-detention.[1] *See id.* at 342, 348; *see also Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025).

Respondents assert that this liberty interest does not prohibit Petitioner's current detention because such detention is authorized by 8 U.S.C. § 1226(c). (Return at 1.) This section mandates the detention of an individual who is "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii). According to

[1] The Government does not and indeed could not argue that the "Notice to Obligor to Deliver Alien" met these requirements as this document solely provided notice to a third party, not to Petitioner.

Respondents, Petitioner's arrest for "Infliction of Corporal Injury to Spouse/Cohabitant/Date" and "Willful harm or injury to child" subjects him to mandatory detention under this provision, presumably because these crimes would "result[] in death or serious bodily injury." (Return at 3.)

Regardless of whether the crime for which Petitioner was arrested matches that described by section 1226(c)(1)(E)(ii), this section does not mandate his detention. First, despite Respondents' contention that "[t]he domestic violence matter is pending" (*id.* at 2), Petitioner asserts, and Respondents do not contest, that Petitioner has not been charged with a qualifying offense. Petitioner provides a document from the San Mateo County Superior Court, certifying that a "thorough search of [its] court records for the individual referenced above indicated that as of March 25, 2026" there was "[n]o criminal case found." (ECF No. 8-1, Ex. 2.) Thus, based on the uncontested evidence before the Court, it appears Petitioner is not currently charged with a qualifying crime.

Therefore, whether section 1226(c)(1)(E)(ii) mandates Petitioner's detention hinges solely on whether he "is arrested for" a qualifying crime. 8 U.S.C. § 1226(c)(1)(E)(ii). "To ascertain a statute's temporal reach," courts "frequently look[] to Congress' choice of verb tense." *Stanley v. City of Sanford, Fla.*, 606 U.S. 46, 52 (2025) (internal quotation omitted). Section 1226(c)(1)(E)'s "use of the present tense is conspicuous and important." *Singh v. Wofford*, No. 1:26-cv-01161-KES-EPG, 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (quoting *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *5 (S.D. Iowa Sept. 30, 2025)). Accordingly, courts have construed this subsection to mandate detention only when, for example, an individual is currently arrested for, charged with, or convicted of a qualifying offense.

Specifically, courts have found this subsection's clauses' successive use of the present tense track the progression of a criminal case. *See, e.g.*, *Martinez v. Mullin*, No. 5:26-cv-03805-BFM, 2026 WL 2111747, at *4 (C.D. Cal. July 20, 2026); *Chen v.*

*Chestnut*, No. 1:26-cv-01992-KES-EPG, 2026 WL 1602287, at *2 (E.D. Cal. June 4, 2026); *Colli-Briceno v. Rivas*, No. 2:26-cv-02284-DWL-CDB, 2026 WL 2191447, at *3 (D. Ariz. July 29, 2026). Therefore, for example, an individual who "is charged with" a qualifying offense may only be detained under this subsection until they either fall within the next clause, that is, until they are "convicted of" or "admit[] having committed" a qualifying offense or no clause applies to them anymore. For example, courts have found that, "based on the recurring use of the present tense for each stage of the criminal process, the statute no longer requires mandatory detention when charges are resolved via acquittal or dismissal and none of the other clauses apply." *Colli-Briceno*, 2026 WL 2191447, at *3 (quoting *Helbrum*, 2025 WL 2840273, at *6).

By extension, if an individual "is arrested for" a qualifying offense but is never charged with that offense, that individual's case is no longer progressing from clause to clause. Here, Petitioner is not currently arrested for a qualifying offense as he was released from custody more than two months before he was detained by ICE. (Traverse at 1; Pet. ¶ 28.) And he has not progressed to the next phase as, in the six months since his arrest, no charges have been filed against him. (Traverse at 1.) Because petitioner "was released, and no charges bought [sic], it would not be natural to say that he 'is arrested.'" *Martinez*, 2026 WL 2111747, at *4. Accordingly, this section does not mandate his detention. *See D.M. v. Warden*, No. 1:26-cv-03743-TLN-SCR, 2026 WL 1733659, at *2 (E.D. Cal. June 16, 2026) (holding this section did not authorize detention of individual previously arrested where "the State Attorney's Office has not made a formal decision to prosecute and the case remains on non-filed status"); *Mullin*, No. 5:26-cv-03805-BFM, 2026 WL 2111747, at *4 (holding petitioner previously detained for a qualifying offense but against whom no charges were filed was "not subject to mandatory detention because he 'is' neither charged with or arrested for burglary").

This narrow reading of the statute comports with the Constitution. Requiring mandatory detention because of a mere arrest for which prosecutors apparently lacked sufficient evidence to charge an individual with a crime would raise serious due process concerns. *See Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026). "To avoid those concerns, courts have construed the Laken Riley Act [codified at 8 U.S.C. § 1226(c)(1)(E)] to apply only where an individual is *currently* charged with or arrested for the enumerated crimes," and concluded "mandatory detention is not required when charges are never filed or where an individual has been acquitted." *Id.* (citations omitted).

Finally, this Court's previous orders make clear that 8 U.S.C. § 1225(b)(2) does not mandate Petitioner's detention. *See Garcia Mariagua*, 2025 WL 3551700, at *2; *Ortega*, 2025 WL 3511914, at *2.

In sum, the Court finds Petitioner is neither subject to section 1226(c) nor section 1225(b)(2). Because Petitioner has a liberty interest, is entitled to process, and that process should have been afforded to him immediately upon detention, Petitioner is entitled to release. *See Garcia Mariagua*, 2025 WL 3551700, at *5 (E.D. Cal. Dec. 11, 2025); *Ortega*, 2025 WL 3511914, at *5; *Lopez*, 2025 WL 3124116, at *5 (E.D. Cal. Nov. 7, 2025).

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
2. Respondents are ORDERED to immediately release Petitioner Erik Paul Garcia Aguillares from custody, subject to a $1,500 bond and the conditions imposed on Petitioner's 2013 release.
3. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent

compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4. The Clerk of the Court is directed to serve the California City Detention Facility with a copy of this Order.
5. The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.
6. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 21, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Aguillares26cv04234.merits